LYMAN HOLLISTER vs. ROBERT HOLLISTER AND ANOTHER.

Where the power of permitting amendments is conferred upon courts, the allowance or disallowance of them is a matter of discretion with the court and affords no ground for a writ of error.

Where the defendant in an action pending before a justice of the peace makes default of appearance, the issue having been closed to the jury and a jury summoned, it is not error in the justice to render judgment against him as on default, and to assess the damages.

WRIT OF ERROR to the Court of Common Pleas for Hartford county, to reverse a judgment of a justice of the peace.

The original suit was returnable before the justice on the 13th day of November, 1869, when the parties appeared and joined in the general issue closed to the jury, and on motion of the plaintiffs a jury was ordered to be summoned to appear on the 27th day of November, 1869, to which day the court was adjourned. On the 27th of November the parties again appeared, and the counsel for the defendant moved to substitute a general demurrer for his former plea of the general issue. The court reserved its judgment on the motion, and excused the jury and adjourned the court until the 6th day of December, 1869. On the first day of December the justice addressed a letter to the defendant's counsel informing him that he had concluded not to allow the change of plea, and notifying him to be present on the day fixed by adjournment, prepared to go on with the case to the jury. On the 6th of December the plaintiffs appeared, and the defendant not appearing, the court rendered judgment against him as upon default, and assessed the damages.

The Court of Common Pleas affirmed the judgment of the justice, and the plaintiff in error brought the record before this court by motion in error, assigning the following errors, viz. :

1. That the justice erred in not permitting the defendant, on his motion, to change his plea, or substitute another plea which the defendant thought would save him in his case. And the Court of Common Pleas erred in approving the proceedings of the justice.

2. That the justice upon the issue formed by the pleadings and other proceedings, erred in rendering a judgment by only defaulting the defendant, and without any hearing or trial by the court, or in rendering judgment without any hearing or trial by or before the jury, or without the jury having inquired into the truth of the matters set forth in said cause, and without the verdict of the jury thereon. And the Court of Common Pleas erred in affirming the proceedings of the justice.

*Cornwall,* for the plaintiff in error.

*Merrick* and *Goslee,* for the defendants in error.

Foster, J.    For neither of the reasons assigned on the motion in error do we see cause for reversing the judgment below.

In the language of Judge Church in giving the opinion of the court in *Merriam* v. *Langdon,* 10 Conn., 472, 473, "It is certainly very well settled at this time that where the power of permitting amendments is conferred upon courts, the allowance or disallowance of them is a matter of discretion with the court, and therefore affords no ground for a writ of error." This was nearly thirty years ago, and the same doctrine has since been frequently recognized and repeated.

Hence the first ground of error assigned, that the magistrate refused the defendant below leave to amend and change his plea, seems to be effectually disposed of.    We cannot assent to the claim that, as the right to change pleas and plead anew is given by law, the court has no discretion in the matter.    The records of a court must be under the control of the court, and not subject to such alterations as the parties may think it for their interest at any time to make, on the ground that the law gives them the right to make amendments and change their pleas.    Besides, the change of plea sought for in this case was not really refused.    The magistrate addressed a note to the counsel who made the motion, in the interval between the day of adjournment and the day on which the court was to re-assemble, stating that he had concluded not to allow the change of plea, but no such decision was ever made.    This letter was no decision ; the parties were not before him, nor was his court in session.    Proceedings *ex parte* by magistrates or courts, while causes are pending before them, are not to be regarded with favor, though the motive which prompted this act was doubtless unexceptionable. As there was no appearance on the part of the defendant below when the magistrate's court was held according to the adjournment, it was unnecessary to decide the motion to

change the plea, and it was not decided, but judgment on default was rendered.

We think judgment on default, under the circumstances detailed on the record, was the correct mode of proceeding in this case. The defendant failed to make any appearance, and though the issue was made up to the jury and a jury had been summoned, the trial could not proceed for want of parties. The defendant's right to disappear is not to be questioned, and the legal consequence was a judgment on default. By our statute, p. 39, § 190, " in all cases where judgment is rendered, otherwise than on verdict, in favor of the plaintiff, the court shall assess and award the damages which he shall recover."

There is no error in the judgment complained of.

In this opinion the other judges concurred.